IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-41534 |
| | ) | A05-4039 |
| RICHARD E. CARLSON, | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| LELAND V. CARLSON and KATHRYN A. STEWART, Personal Representatives of the Estate of Edna N. Carlson, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD E. CARLSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on July 7, 2006, regarding Filing No. 19, Motion to Reopen Case, filed by the debtor/defendant, and Filing No. 25, Resistance, filed by the plaintiffs. Paul Hofmeister appeared for Richard E. Carlson; Richard Garden, Jr., appeared for Leland Carlson and Kathryn Stewart, Personal Representatives of the Estate of Edna N. Carlson; and Richard E. Carlson appeared on his own behalf.

Plaintiff brought an action in 2005 to obtain a determination that an obligation owed by the debtor to plaintiff personal representatives was non-dischargeable and to obtain a monetary judgment for the amount of damages to the estate. The personal representatives served requests for admissions and interrogatories upon the defendant, but no responses were delivered to counsel for the plaintiffs.

The plaintiffs then requested the court enter an order deeming the requests for admissions admitted and requested an order compelling the defendant to respond to the interrogatories by a date certain.

The court entered an order deeming the requests for admissions admitted and directed that the defendant respond to the interrogatories by a date certain or be subject to sanctions, which may include a judgment in favor of plaintiffs (Filing No. 9). The order required the interrogatories to be answered by September 2, 2005, and any request for production of documents to be responded to by that date.

On September 6, 2005, plaintiffs filed a motion for sanctions indicating there had been no response to the prior order. On September 7, 2005, the court entered an order granting the motion for sanctions, determined that a judgment should be entered in favor of the plaintiffs and against the defendant in the amount of $298,645.23 together with interest accruing after September 6,

2005, at the rate of $46.50 per day, and for plaintiffs' costs.  The court further found that the judgment amount is not dischargeable pursuant to 11 U.S.C. § 523(a)(4) and (6).  Separate judgment was entered.

No appeal was taken from the entry of the judgment.

Several months later, counsel for the defendant moved to withdraw from representation.  The defendant responded that after he had been made aware that a judgment had been entered against him, he understood that a motion to alter or amend the judgment was on file but had not been ruled upon.  Actually, no such motion was on file, although eventually counsel for the defendant filed an affidavit indicating that he had dictated such a motion on a timely basis and believed it had been filed.  However, he acknowledged the motion had not been filed.

At a hearing on the motion to withdraw, the court deferred the motion and suggested counsel for the defendant file some type of a motion to bring the matter before the court.

On May 26, 2006, a motion to reopen the adversary proceeding and to reconsider the entry of the judgment as a sanction was filed by the defendant.  That motion has been resisted by the plaintiffs.

In support of the motion to reopen the adversary proceeding and reconsider the entry of a sanction, the debtor has presented an affidavit or declaration that he had timely provided answers to the interrogatories to his attorney.  Those answers were skeletal in form because he did not have access to his own records which would have permitted him to answer in more detail.  He had previously testified in a deposition to the same effect.  Counsel for the defendant testified by affidavit that the defendant had timely submitted his skeletal responses to the discovery request, but because they were so skeletal, counsel was concerned about using them as appropriate responses to the discovery request.  Prior to the time the discovery responses were completed by counsel for the defendant, the court, without notice, entered judgment as a sanction for the allegedly intentional refusal of the defendant to respond to the discovery request.

Counsel for the defendant takes full responsibility for failure to comply with the order of the court to respond to the discovery request and suggests that it is unfair to the defendant to enter such a high monetary award when the cause of the non-responsiveness was the attorney.

In addition, the defendant claims he has a good defense to the complaint and that if he can get his records, he can show such a defense.

In resistance to the motion, the plaintiffs submitted the deposition of the defendant.  I have read all 250 pages of the deposition.  Although some of the answers of the defendant are vague, many of the vague answers are related to his asserted inability to obtain his records.  Some answers, however, indicate his belief that the plaintiffs have not been harmed by actions of the defendant. He suggests that the estate is not out any money as a result of his actions and that the estate has not been sued by any bank for the amounts he allegedly borrowed in his mother's name, the proceeds of which he arguably kept.

The motion to reopen the adversary proceeding (Fil. #19) and reconsider the entry of judgment for a sanction (Fil. #15) is granted.  The defendant did attempt to answer discovery

requests on a timely basis. The debtor does not have all his records and could not complete detailed answers. The debtor has an argument that there have been no damages incurred by the estate as a result of his activity. His counsel has taken full blame for failure to timely respond to the order requiring answers and production of documents. The motion to reopen the adversary proceeding is granted.

Sanctions as serious as entering a judgment which now, along with accruing interest, is more than $300,000, under the circumstances of this case is unfair. Separate order shall be entered vacating the judgment.

SO ORDERED.

DATED this 13th day of September, 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Paul E. Hofmeister
    Richard Garden, Jr.
    Richard E. Carlson
    U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.